13761

CHEROKEE COUNTY *ET AL.* v. STACK, SPECIAL COURT STENOGRAPHER

(172 S. E., 506)

*Messrs. Hall & Vassy* and *J. H. Hall,* for appellants.

January 24, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

At the November, 1933, term of the Court of Common Pleas for Cherokee County, over which Court Judge W. H. Townsend presided, the regular Court Stenographer was unable to be present because of illness. His Honor appointed D. R. Stack to act in his stead. At the expiration of the term Judge Townsend issued an order directing the Clerk of the Court of Cherokee County "to pay to D. R. Stack a certificate covering nine days at $12.50 per day, total $112.50, out of the appropriations for jurors and witnesses, $4,000.-00; this being a necessary Court expense." The County Attorney moved his Honor to vacate the order for the reason that the Court was without authority to impose such liability on the county, because the only authority for appointing special stenographers is that given by Section 597 of the Code of 1932, and for that the county had no funds applicable to such payment, since no appropriation had been made therefor in the County Supply Bill. His Honor declined to revoke the order and added to it the·following: "There being no appropriation for payment by Comptroller General under Section 597 of the Code of 1932, or other provision for the payment of such Special Stenographer than out of the appropriation for Court expenses or contingent expenses of the county."

The county, the Clerk of Court, and the County Treasurer have appealed from this order.

Notice of intention to appeal and the transcript of record were duly served on the respondent, who served no proposed amendments to the transcript and has filed no brief in the case.

Stenographers for the Circuit Courts come under the designation of State officers, and provision for the payment of their salaries is made in the Appropriation Bill for State expenses. With a few exceptions,

the County Supply Bills contain no such provision, and the Supply Bill for Cherokee County is not one of the exceptions. The only provision for the appointment and payment of Special Court Stenographers is contained in Section 597, Code 1932, which is in this language: "The Circuit Judges of this State are hereby authorized to appoint a Special Court Stenographer to act in the place and stead of the regular Court Stenographer in case of sickness, absence or inability to act at any term or part of a term of either the Court of Common Pleas or General Sessions; and such stenographer, when so appointed, shall receive not more than the sum of Seven and One-half Dollars per day for each day he may be in attendance upon said Court. It shall be the duty of the presiding Judge to certify the number of days any such Special Stenographer may be engaged in the Courts as such; upon this certificate the Comptroller General shall draw his warrant upon the State Treasurer for the amount due said stenographer for his services, and the said State Treasurer is authorized to pay the same."

It is clear that the order appealed from cannot be sustained, because the Special Stenographer can only be paid by the State Treasurer upon the warrant of the Comptroller General, which shall be predicated upon the certificate of the presiding Judge; and he can be paid only the sum of $7.50 per day.

The sum of $4,000.00, provided by the Supply Bill of 1933 for Cherokee County for jurors and witnesses, is specially appropriated for that purpose, and may not be diverted from it.

The sum of $4,000.00 appropriated for contingent expenses can only be disbursed by proper county officers for county purposes, subject. by special provision of the Supply Bill of 1933, to the ultimate direction and control of the County Delegation.

The respondent is entitled to have a certificate for the sum of $7.50 per day for nine days, and to have the Comptroller General issue his warrant for that sum, and to have it paid by the State Treasurer.

Doubtless his services were worth what the Circuit Judge ordered paid to him, but unfortunately the law does not provide for it.

The order appealed from is reversed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN, concur.